UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
BRENDAN A. HURSON
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782
MDD_BAHChambers@mdd.uscourts.gov

November 21, 2022

LETTER TO ALL COUNSEL OF RECORD

Re:   *Tiara A. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
      Civil No. 22-00097-BAH

Dear Counsel:

On January 13, 2022, Tiara A. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for Social Security benefits. ECF 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2021). I have considered the record in this case, the parties' cross-motions for summary judgment, and Plaintiff's response. ECFs 9, 14, 17. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will DENY both motions, REVERSE the Commissioner's decision, and REMAND the case to the Commissioner for further consideration. This letter explains why.

I.   **PROCEDURAL BACKGROUND**

Plaintiff filed a Title XVI application for Supplemental Security Income ("SSI") benefits on March 20, 2018, alleging a disability onset of January 1, 2014. Tr. 20. Plaintiff's claim was denied initially and on reconsideration. Tr. 162–65, 166–72. After holding a hearing, an Administrative Law Judge ("ALJ") issued a decision on April 28, 2020, denying Plaintiff's claim for benefits. Tr. 136–55. The Appeals Council then remanded Plaintiff's case for, among other things, the ALJ's failure to properly evaluate Plaintiff's residual functional capacity. Tr. 158–59.

On March 17, 2021, an ALJ held another hearing. Tr. 49–71. Following the hearing, on April 23, 2021, the ALJ again determined that Plaintiff was not disabled within the meaning of the Social Security Act[1] during the relevant time frame. Tr. 16–48. The Appeals Council denied Plaintiff's request for review, Tr. 5–10, so the ALJ's decision constitutes the final, reviewable decision of the SSA. *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

II.   **THE ALJ'S DECISION**

Under the Social Security Act, disability is defined as the "inability to engage in any

---
[1] 42 U.S.C. §§ 301 et seq.

*Tiara A. v. Kijakazi*
Civil No. 22-00097-BAH
November 21, 2022
Page 2

substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]"  42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 416.905(a).  The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process.  *See* 20 C.F.R. § 416.920.  "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to her past relevant work; and (5) if not, could perform any other work in the national economy.'"  *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since March 20, 2018.  Tr. 22.  At step two, the ALJ found that Plaintiff suffered from the severe impairments of "anxiety disorder; major depressive disorder; borderline personality disorder; post-traumatic stress disorder; obsessive-compulsive disorder; and substance use disorder (in remission)."  *Id*.  The ALJ also determined that Plaintiff suffered from the non-severe impairments of "hepatitis C, diabetes mellitus, and obesity."  *Id*.  At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1."  Tr. 24.  Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform a full range of work at all exertional levels but with the following nonexertional limitations: can perform simple, routine tasks on a continuous basis with simple instructions; can make simple work related decisions; can have occasional interaction with co-workers and supervisors; is unable to perform customer service work; and is able to tolerate few changes in the work setting or work processes.

Tr. 26.  The ALJ determined that Plaintiff had no past relevant work, but could perform other jobs that existed in significant numbers in the national economy.  Tr. 41.  Therefore, the ALJ concluded that Plaintiff was not disabled.  Tr. 42.

### III.  LEGAL STANDARD

A disability determination must be affirmed so long as the agency applied correct legal standards and the factual findings are supported by substantial evidence.  *Britt v. Saul*, 860 F. App'x 256, 259 (4th Cir. 2021) (citing *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015)).  Substantial evidence "means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  *Id.* (quoting *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019)).  "It consists of 'more than a mere scintilla of evidence but may be somewhat less than a preponderance.'"  *Id.* (quoting *Craig*, 76 F.3d at 589).

*Tiara A. v. Kijakazi*
Civil No. 22-00097-BAH
November 21, 2022
Page 3

### IV. <u>ANALYSIS</u>

Plaintiff argues that the ALJ "fail[ed] to comply" with *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015). ECF 9-1, at 8. Specifically, Plaintiff avers that the ALJ erred by failing to include a corresponding limitation in her RFC assessment, or explain why no such limitation was necessary, after having determined at step three that Plaintiff had a moderate limitation in concentrating, persisting, or maintaining pace. *Id.* at 11–14. Plaintiff further argues that the ALJ erred by failing to explain how she "could have remained productive throughout an eight-hour workday for five days per week" despite her moderate limitation in maintaining concentration, persistence, or pace. *Id.* at 14. Defendant counters that the ALJ "provide[d] sufficient explanation for the assessed mental RFC" in this case. ECF 14-1, at 9. Defendant further argues that the ALJ was not required to address why plaintiff could remain active throughout an eight-hour workday because a "moderate finding . . . does not mean that the claimant will necessarily be off task for any amount of the workday." *Id.* at 10.

In *Mascio*, the Fourth Circuit ordered remand to the SSA "because the hypothetical the ALJ posed to the VE—and the corresponding RFC assessment—did not include any mental limitations other than unskilled work, despite the fact that, at step three of the sequential evaluation, the ALJ determined that the claimant had moderate difficulties in maintaining concentration, persistence, or pace." *McDonald v. Comm'r, Soc. Sec. Admin.*, No. SAG-16-3041, 2017 WL 3037554, at *3 (D. Md. July 18, 2017) (citing *Mascio*, 780 F.3d at 637–38).[2] *Mascio* unambiguously states that "an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." *Mascio*, 780 F.3d at 638 (quoting *Winschel v. Comm'r, Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)). "In so holding, the Fourth Circuit emphasized the distinction between the ability to perform simple tasks and the ability to stay on task, stating that "[o]nly the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." *Talmo v. Comm'r, Soc. Sec. Admin.*, No. ELH-14-2214, 2015 WL 2395108, at *2 (D. Md. May 19, 2015), *report and recommendation adopted* (June 5, 2015) (citing *Mascio*, 780 F.3d at 638).

The ALJ's analysis here is similarly flawed. Here, as in *Mascio*, the ALJ determined that Plaintiff has a "moderate limitation" in "concentrating, persisting or maintaining pace." Tr. 25. The ALJ apparently tried to account for this limitation by modifying Plaintiff's RFC to the performance of "simple, routine tasks." Tr. 40. As such, the only accommodation for Plaintiff's moderate limitation in concentration, persistence, and pace—confining Plaintiff to "simple, routine tasks"—was flatly rejected in *Mascio*. Thus, "unless the ALJ adequately explained why [Plaintiff's] moderate difficulties in concentration, persistence, or pace did not translate into a

---

[2] The functional area of "concentration, persistence, or pace refers to the abilities to focus attention on work activities and stay on task at a sustained rate." 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00(E)(3). Social Security regulations do not define limitations in concentration, persistence, or pace "by a specific number of tasks that [a claimant is] unable to complete." *Id*. As this Court has acknowledged, "[t]he regulations, however, offer little guidance on the meaning of 'moderate' limitations." *McDonald*, 2017 WL 3037554, at *3.

limitation in his RFC," *Mascio* suggests remand. *Talmo*, 2015 WL 2395108, at *2.

*Shinaberry v. Saul* also advises remand. 952 F.3d 113, 121 (4th Cir. 2020). In *Shinaberry*, the Fourth Circuit rejected "a categorical rule that requires an ALJ to always include moderate limitations in concentration, persistence, or pace as a specific limitation in the RFC." *Id*. "On the contrary," the Court affirmed that remand is not required when an "'ALJ can explain why [a claimant's] moderate limitation in concentration, persistence, or pace at step three does not translate into a limitation' in the claimant's RFC." *Id*. (citing *Mascio*, 780 F.3d at 638). Here, the ALJ limited Plaintiff's RFC to "simple, routine tasks," Tr. 40, but provided no explanation as to why this mental limitation accounted for Plaintiff's moderate limitations in her concentration, persistence, or pace. *Shinaberry*, 952 F.3d at 122. Although the hypotheticals posed to the vocational expert included a limitation to "simple, routine tasks," Tr. 67–68, the ALJ failed to explain how the record supports a finding that Plaintiff could engage in such tasks despite Plaintiff's limitation in concentration, persistence, and pace, and also failed to "implicitly account" for Plaintiff's limitation. *Shinaberry*, 952 F.3d at 121 (citing *Winschel*, 631 F.3d at 1180). Remand is required.

Defendant urges the Court to conclude that the ALJ adequately explained why Plaintiff's moderate limitation in concentration, persistence, or pace translated into a limitation to "simple, routine tasks" in Plaintiff's RFC. ECF 14-1, at 5–9. I disagree. The ALJ's RFC determination lacks a "function-by-function analysis" that would illuminate Plaintiff's "ability to work" on a consistent and competitive basis. *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019) (quoting *Monroe v. Colvin*, 826 F.3d 176, 188 (4th Cir. 2016)). To be sure, the ALJ does make repeated references to Plaintiff's ability to cook, clean, pay bills, travel, and follow simple instructions. Tr. 39. However, the ALJ never explains *how* the performance of these tasks relates to Plaintiff's ability to concentrate, persist, and maintain pace at work or, more importantly, *why* the ability to perform these routine tasks means that Plaintiff's RFC should not be adjusted to account for a moderate limitation in concentration, persistence, or pace.

In fact, the ALJ determined that Plaintiff has a moderate limitation in concentrating, persisting, or maintaining pace, despite also finding: (1) that Plaintiff's "statements concerning [her symptoms] are not entirely consistent with the medical evidence and other evidence in the record"; (2) that Plaintiff's mental status examinations were "generally unremarkable"; and (3) that Plaintiff "generally has . . . normal concentration." Tr. 25, 38–39. This analysis, or lack thereof, makes it impossible for me to even ascertain "the reason for the finding of moderate, as opposed to mild or no, limitation in the area of concentration, persistence, or pace." *McDonald*, 2017 WL 3037554, at *4. Therefore, remand is appropriate to further develop the record.

"Pursuant to *Mascio*, once an ALJ has made a step three finding that a claimant suffers from moderate difficulties in concentration, persistence, or pace, the ALJ must either include a corresponding limitation in her RFC assessment, or explain why no such limitation is necessary." *Talmo*, 2015 WL 2395108, at *3. The ALJ did neither, so remand is required. In remanding for further explanation, I express no opinion as to whether the ALJ's ultimate conclusion that Plaintiff is not entitled to benefits is correct.

*Tiara A. v. Kijakazi*
Civil No. 22-00097-BAH
November 21, 2022
Page 5

Because the case is being remanded on other grounds, I need not address Plaintiff's argument that the ALJ also erred by failing to explain how Plaintiff could remain productive throughout an eight-hour workday for five days per week, despite finding that Plaintiff has a moderate limitation in concentrating, persisting, or maintaining pace. ECF 9-1, at 14–16. On remand, the ALJ is welcome to consider this argument and make any required adjustments to the opinion.

## V.     CONCLUSION

For the reasons set forth herein, Plaintiff's motion for summary judgment, ECF 9, is DENIED and Defendant's motion for summary judgment, ECF 14, is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Brendan A. Hurson
United States Magistrate Judge